20-1384-cv
Graduation Solutions, LLC v. Alexander Loukaides

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             JOSEPH F. BIANCO,
                         *Circuit Judges*.

_____

GRADUATION SOLUTIONS, LLC,

        *Plaintiff-Appellee*,

        v.                                              20-1384-cv

ALEXANDER LOUKAIDES,

        *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Matthew E. Johnson, Dowd Bennett LLP (Adam J. Simon, *on the brief*), Denver, CO.

Appearing for Appellee:     Jonathan Nelson, Dorf & Nelson LLP, Rye, N.Y.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Alexander Loukaides appeals from the July 12, 2019, judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) entered after a jury found him liable on Graduation Solutions LLC's federal claims of copyright and trade-dress infringement, and state law claims of unfair competition and unjust enrichment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Loukaides first challenges the jury verdict on the ground that the district court could not exercise personal jurisdiction over him. Loukaides moved to dismiss the second amended complaint for lack of personal jurisdiction. The district court denied that motion, finding that Graduation Solutions satisfied the standard to survive a motion to dismiss by setting out a prima facie case of jurisdiction. *See Graduation Solutions, LLC v. Acadima, LLC*, No. 3:17-cv-01342 (VLB), 2018 WL 3637479, at *4–5 (D. Conn. July 18, 2018). Loukaides did not renew the motion until after trial, and then argued that Graduation Solutions failed to establish personal jurisdiction during the trial. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (holding that, after establishing its *prima facie* case, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial"). Here, Loukaides sought neither summary judgment nor an evidentiary hearing prior to trial on the personal jurisdiction issue, nor did he raise the jurisdictional affirmative defense at any point during trial. The district court labored under no obligation to raise the personal jurisdiction issue sua sponte to examine whether Graduation Solutions had met its evidentiary burden. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 113 (2d Cir. 2011).

Thus, on appeal, Loukaides forfeited his ability to challenge personal jurisdiction other than to have this Court review the district court's decision denying the motion at the Rule 12(b)(2) stage under the prima facie standard. *Id.* ("Personal jurisdiction, unlike subject-matter jurisdiction, can . . . be purposefully waived or inadvertently forfeited."); *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998) ("Having failed to contest the [personal jurisdiction] issue further after losing their motion to dismiss, defendants may appeal only the district court's holding that plaintiffs made out *prima facie* case sufficient to support an exercise of personal jurisdiction."). However, Loukaides has made clear that he is not challenging the Rule 12(b)(2) decision on appeal. Reply Br. at 2 ("Defendant is not appealing the district court's July 2018 motion to dismiss order."). Accordingly, there is no basis to disturb the verdict for lack of personal jurisdiction.

We are similarly unpersuaded by Loukaides' argument that he was substantially prejudiced by the district court's denial of motions to admit his chosen counsel pro hac vice before trial. The motions, initially denied without prejudice, were eventually granted. Regardless of the standard of review, we find no error. Finally, we see no merit in Loukaides' arguments that Graduation Services failed to meet its burden of proof. The record demonstrates there is sufficient evidence to support the verdict.

We have considered the remainder of Loukaides' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
